UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re: ) | |
| ) | |
| CLIFFORD J. AUSMUS ) | CASE NO. 14-34747 |
| ) | CHAPTER 7 |
| Debtor ) | |

## MEMORANDUM

This matter comes before the Court on the Motion for Limited Lifting of Stay filed by creditor Angel Woodson ("Woodson"). In the motion, Woodson moved for entry of an order lifting the automatic stay for the limited purpose of permitting a damages hearing to proceed in Jefferson Circuit Court pursuant to a judgment on liability against Debtor Clifford J. Ausmus ("Ausmus"). Ausmus opposes the motion. Upon review of the record in this case, the pleadings and exhibits, the Court has determined that the Motion for Limited Lifting of Stay must be denied.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (G). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a).

## FACTUAL AND PROCEDURAL BACKGROUND

The facts in this matter are not in dispute. On December 31, 2014, Ausmus filed a petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code. In the creditor matrix attached to the bankruptcy petition, Ausmus listed Woodson, care of her attorney Colin Lindsay, Dinsmore & Stohl LLP, as a creditor in this case. On January 7, 2015, the Clerk of Court mailed to all creditors, including Woodson, a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Notice"). The Notice provided that the meeting of creditors was scheduled for February 2, 2015. The Notice also provided that the deadline to object to the debtor's discharge or to challenge the dischargeability of certain debts was set at April 6, 2015.

On February 9, 2015, Ausmus filed his bankruptcy schedules. In Schedule F of Unsecured Non-Priority Claims, Ausmus listed Woodson as holding a claim of unknown value.

Woodson received notice of the bankruptcy case. This conclusion can be drawn from the fact that on April 22, 2015, counsel for Woodson filed a proof of claim in this case for an undetermined amount. The next day, on April 23, 2015, Woodson filed what appears to be an identical proof of claim for an undetermined amount.

The § 341 Meeting of Creditors was completed on April 23, 2015, and the Chapter 7 Trustee filed his Report of No Distribution. The next day, on April 24, 2015, Ausmus received his discharge.

No party filed an action to deny Ausmus' discharge pursuant 11 U.S.C. § 727 or to except debts from discharge pursuant to 11 U.S.C. § 523. Nor did any party seek an extension of time pursuant to Fed. R. Bankr. P. 4004(b) to file a § 727 action or an extension of time pursuant to Fed. R. Bankr. P. 4007(c) to file a § 523 action.

Woodson's Motion for Limited Lifting of Stay was filed on April 22, 2015, prior to the discharge, but after the deadline to file actions to deny the debtor's discharge or to file actions seeking to except certain debts from discharge. In her motion, Woodson claims she obtained a default judgment against Ausmus on November 5, 2014. Ausmus appeared at a damages hearing on December 12, 2014, but was granted a continuance. Prior to the continued hearing, Ausmus filed for bankruptcy relief. As such, Woodson now seeks relief from the automatic stay to allow the damages hearing to proceed. Woodson attached a copy of her proof of claim to the motion.

Ausmus opposes the motion. He states that he has already received his discharge. He further states that the discharge injunction of 11 U.S.C. § 524 protects him from Woodson's claims. In

2

addition to his objection, Ausmus also filed a Motion to Strike Creditor's Motion for Stay Relief, citing the same grounds set forth in his objection.

At the hearing on the motion held on June 2, 2015, the Court allowed the parties additional time to file supplemental pleadings. On June 17, 2015 Woodson filed a Supplement to Motion for Relief from Stay. Apparently in recognition of Ausmus' discharge, Woodson now asks the Court to convert her motion to, or deem it to be, a Motion for Relief From the Injunction and for a Revocation of Discharge As To Angel Woodson pursuant to Rule 60(b) and Bankruptcy Rule 9024. Citing that rule, the doctrine collateral estoppel, and the exercise of the equitable powers of the Court under 11 U.S.C. § 105(a), Woodson seeks to proceed with the damages hearing against Ausmus in state court. Woodson argues that Ausmus' conduct in the state circuit court and the timing of his petition justify relief and render this Court's use of Rule 9024 appropriate. She also argues that the default judgment rendered in state circuit court is entitled to this Court's full faith and credit. Finally, Woodson argues this Court should use its equitable powers under 11 U.S.C. § 105 to allow her to proceed in state court.

In his Objection to Creditor Angel Woodson's Supplement to Motion for Relief from Stay, Ausmus argues that Woodson's request for relief is time barred. He points to the strict language contained in Fed. R. Bankr. P. 4004.

## DISCUSSION

Woodson has sought relief from the automatic stay. She cited no statutory authority relief for her request, but the Court presumes she was moving pursuant to 11 U.S.C. § 362(d)(1) for cause. She seeks relief from the stay in order to liquidate her state court default judgment. Ausmus opposes the motion arguing he "is no longer protected by the automatic stay" but instead is "protected by the

3

discharge."

The filing of a bankruptcy petition automatically stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case...." 11 U.S.C. § 362(a)(6). Section 362(b) enumerates exceptions to the stay. Section 362(c) provides for the termination of the automatic stay by operation of law. It reads in pertinent part:

> Except as provided in subsections (d), (e), and (f) of this section-
> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of-
> (A) the time the case is closed;
> (B) the time the case is dismissed; or
> (C) if the case is a case under chapter 7 of this title concerning an individual ..., the time a discharge is granted or denied.

11 U.S.C. § 362(c) (emphasis added).

§ 362(d) sets forth various grounds upon which the Court may terminate, annul, modify, or condition the automatic stay. 11 U.S.C. § 362(g) places the burden on the moving party to show that it is entitled to the relief provided in § 362(d). 11 U.S.C. § 362(g).

As stated above, the Court presumes Woodson was seeking stay relief for cause. Liquidating a non-dischargeable debt would constitute cause. Liquidating a discharged debt would serve no purpose and thus, would not constitute cause. Thus the issue turns to whether the debt owed to Woodson is a non-dischargeable debt.

Generally speaking, under § 727(b), a chapter 7 debtor's pre-petition debts will be discharged.[1] However, that discharge will not impact those debts excepted from discharge under

---

[1] In this case, there has been no allegation that the debts in question are not pre-petition debts. 11 U.S.C. § 101(12).

4

§ 523(a). Section 523(c) provides that, except as set forth in § 523(a)(3), a debt of the kind described in § 523(a)(2), (4) or (6) will be discharged unless, at the creditor's request, the bankruptcy court determines such debt should be excepted from discharge. And a creditor's request for a determination of dischargeability under § 523(c) requires the commencement of an adversary proceeding. Rule 7001(6).

Rule 4007(c) prescribes the deadline for requesting a § 523(c) determination. It provides that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)"; that "the court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002"; and, that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Rule 4007(c). Rule 9006(b) is a general rule allowing the bankruptcy court to enlarge many time periods provided in the Code and Rules. However, Rule 9006(b)(3) makes clear that "the court may enlarge the time for taking action under [Rule 4007(c) ] ..., only to the extent and under the conditions stated in those rules." When read together, then, the Bankruptcy Rules constrain the ability of a bankruptcy court to consider requests to extend the Rule 4007(c) deadline for filing § 523(c) dischargeability complaints to only those situations where the request is made before the deadline passes.

Here, there has been no allegation that Woodson did not receive notice of the bankruptcy case or the deadlines to file actions against Ausmus. There is no dispute that Woodson was informed about the bankruptcy filing months prior to the April 6, 2015 deadline to file either a complaint to determine the dischargeability of the debt, or to request an extension of time in which

5

to file such a complaint.[2] There is also no suggestion that Woodson was misled or confused as to the relevant deadlines in any way. Woodson allowed the time period to elapse without taking any action to preserve her rights. She filed neither a § 523 action nor an extension of time to file such an action. Instead, she allowed the time period to elapse without taking any actions. Consequently, the debt was discharged when Ausmus received his discharge on April 24, 2015.

Recognizing her failing, Woodson now tries to get around the time deadlines set forth in the Rules of Bankruptcy Procedure to pursue this discharged debt. She starts by seeking to use Fed. R. Bankr. P. 9024. Rule 9024 makes Federal Rule of Civil Procedure 60 applicable to bankruptcy proceedings. Specifically, Woodson now requests the "Court convert this motion to, or deem it now effectively to be, a Motion for Relief From the Injunction and for a Revocation of Discharge As To Angel Woodson pursuant to Rule 60(b) and Bankruptcy Rule 9024."

The request to revoke the discharge order is made pursuant to Bankruptcy Rule 9024 and Rule 60(b)(1), (3), and (6). Rule 60(b) authorizes the Court to give a party relief from a judgment or order on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b); Bankruptcy Rule 9024. Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. See CKS Engineers, Inc. v. White Mountain Gypsum

---

[2] The Court will take this opportunity to note that timely filed motions to extend the time to file non-dischargeability actions are routinely granted. In re Sheppard, 532 B.R. 672 (6th Cir. BAP 2015) (holding that motions to extend deadlines should be liberally granted and that the threshold for granting such motions is low).

Co., 726 F.2d 1202, 1205 (7th Cir. 1984); Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 101–02 (4th Cir. 1979). Despite referencing Rule 60(b)(1) and (3), Woodson makes no argument how these sections apply to this situation. She makes no argument for excusable neglect or allegations of fraud by Ausmus. As for the Rule 60(b)(6) allegation, Woodson asserts Ausmus' conduct is sufficient grounds to warrant relief from the discharge order. She questions his timing of the filing of the bankruptcy case between the default judgment and the scheduled damages hearing and cites a general "unfairness."

Woodson also cites Disch v. Rasmussen, 417 F.3d 769 (7th Cir. 2005) for the proposition that Rule 9024 may be used to set aside final bankruptcy orders, including discharge orders. The Court believes Woodson's reliance on Disch is misplaced. In Disch, the creditor timely filed a complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6), but did not object to the debtor's discharge under 11 U.S.C. § 727. During the course of the trial, the court heard for the first time evidence regarding the debtor's unusual bookkeeping methods, under-the-table cash transactions, concealment of assets, and the debtor's general failure to explain financial transactions. The court found against the creditor on the § 523 dischargeability counts, but revoked the debtor's discharge under §727. Because the bankruptcy court did not find a basis pursuant to § 727(d) to revoke the debtor's discharge, it relied on § 105(a) for authority.

The Seventh Circuit affirmed the denial of the discharge by the bankruptcy court, but did not support the theory used by the bankruptcy court. Instead, the Seventh Circuit found that § 727(d) provides the exclusive grounds for revocation of a discharge and that § 105(a) cannot be used to expand those grounds. Id. at 777–78. The Seventh Circuit held, however, that the bankruptcy court had the power to vacate the debtor's previously-entered discharge and allow the plaintiff to amend

7

its complaint to include a count objecting to the debtor's discharge. Because of the pending timely-filed complaint, the provisions of Fed.R.Bankr.P. 7015 allowed the amendment to relate back, and the relief could be entered denying the discharge. Id. at 776.

Disch has no applicability here. In Disch, there was a timely-filed complaint to determine dischargeability of debt. In this case, no party timely filed a complaint to object to Ausmus' discharge or to determine the dischargeability of debts. Moreover, the evidence which the Disch court learned of for the first time at trial about the financial arrangements of the debtor constituted grounds to deny the debtor's discharge pursuant to § 727. In this case, there have been no allegations of false oaths, fraudulent transfers, concealment of assets, or any other acts which would constitute grounds to revoke or deny a discharge. In Disch, the integrity of the bankruptcy system was at issue. In this case, there has been no allegations that Ausmus' actions impugned the integrity of the bankruptcy system. In sum, Disch does not stand for the principle that a creditor, with knowledge of its claims, can be excused by Rule 60(b) from its oversight of failing to file a timely complaint under Bankruptcy Rule 4007.

Simply stated, the Court cannot agree with Woodson's assertion that Rule 9024 should be applied here. There has been no allegations of excusable neglect on Woodson's behalf nor allegations of fraud upon Ausmus' behalf. While the timing of Ausmus' bankruptcy petition cannot be denied, the mere fact it took place in the interval between the default judgment and the damages hearing does not, by itself, warrant the application of Rule 60(b)(6).

Woodson's primary difficulty is that she received notice of the bankruptcy, as evidenced by her proof of claim. This fact is undisputed. She received notice and had every opportunity to protect her rights. She could have filed a § 523 action from the filing of the case until the deadlines

8

set. These facts have nothing to do with Ausmus' pre-petition conduct. Indeed, the question that bewilders this Court is why Woodson or her counsel failed to act to protect her interests. The fundamental purpose of procedural bars, such as statutes of limitations or the Rule 4007(c) filing deadline, is to encourage prompt filing of actions and to discourage parties from allowing claims to lie dormant. See Stephan v. Goldinger, 325 F.3d 874, 876 (7th Cir.2003). For whatever reason, Woodson chose not to act within the time allowed. Rule 60(b) cannot undo that failing.

Even assuming *arguendo* that Ausmus' conduct justified relief under Rule 9024, the Court would still not be inclined to grant the relief requested, because it would serve no purpose. It appears that Woodson seeks to vacate the discharge order under the apparent misunderstanding that vacating the discharge order would provide her with the opportunity to now file a complaint to except this debt from discharge. Even if this Court could undo the discharge order as requested by Woodson, any complaint filed by her would be met with a dismissal motion for untimeliness which this Court would have to grant.[3] The time deadlines of Rules 4004 and 4007 are specific, demanding, and are not subject to casual disregard. At this point in time, this Court simply does not have the authority to enlarge the time to file non-dischargeability complaints even if the discharge order were vacated. In re MacKay, 324 B.R. 566, 569 (Bankr. M.D. Penn. 2005); In re O'Shaughnessy, 252 B.R. 722, 731 (Bankr. N.D. Ill. 2000). In short, even if this Court set aside the discharge order, filing a non-dischargeability complaint would be an exercise in futility.

Next, Woodson requests this Court use its equitable powers under § 105 to grant the relief

---

[3] This statement presumes the debt is a debt under 11 U.S.C. § 523(c), to which the deadlines of Fed. R. Bankr. P. 4007(c) apply. Debts other than those under § 523(c) would be governed by Fed. R. Bankr. P. 4007(b), to which there is no time deadline.

9

she seeks.[4]  The Court is not quite sure what Woodson is asking this Court to use § 105 to remedy.  If it is to set aside the discharge order, as stated above that will not cure her problem of missing the complaint deadlines.  If it is to extend the complaint deadlines, that argument ignores the well-established principle that § 105 may not be invoked where the result of its application would be inconsistent with any other Code provision or the Rules of Procedure.  Ameriquest Mortgage Co. v. Nosek (In re Nosek), 544 F.3d 34, 44 (1st Cir. 2008).  Alternatively, if Woodson is asking the Court to use § 105 to simply find the debt non-dischargeable and thus not subject to the discharge injunction under §524, that would also conflict with several other Code provisions and Rules.  None of these arguments are sufficient to warrant the application of § 105.  Section 105 does not permit the Court to ignore the time limitations of the Rules of Procedures or allow the Court to simply hold that the provisions of § 524 do not apply.

While Woodson did not raise the issue, the Court will take this opportunity to address an argument that she could have raised.  Woodson could have argued that the Court should equitably toll the filing deadlines.  The doctrine of equitable tolling applies to periods of limitation in appropriate circumstances.  It permits a court to suspend the measuring period for a party to take action during the time the party was unable to act.  Equitable tolling "allows a claim to be filed outside of the applicable statute of limitations where some action on the defendant's part makes it such that the plaintiff is unaware that the cause of action exists."  In re Everfresh Beverages, Inc., 238 B.R. 558, 576 (Bankr. S.D.N.Y. 1999).  It permits courts to extend a statute of limitations on

---

[4] Woodson also includes a full faith and credit argument that this Court finds curious.  No one is suggesting that this Court should not grant full faith and credit to the state court orders.  The problem is that no matter what the state court orders, the debt has been discharged and actions to pursue that debt are enjoined under the discharge injunction provided in § 524.

a case-by-case basis to prevent inequity. When equitable tolling has been permitted, it is usually because an adverse party "engaged in misrepresentations or other wrongdoing" that caused the moving party to miss his filing deadline or somehow attempted to thwart the discovery of relevant evidence. Taylor v. Ohio Dept. of Rehab. and Correction, Trumbull County, 2001 WL 1915015 (N.D. Ohio 2001).

In the Sixth Circuit, five factors are considered when deciding whether to apply the doctrine of equitable tolling: "'The factors are (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.'" In re Maughan, 340 F.3d at 344 (citing Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)). In Maughan, the motion was granted despite the fact that the creditor had notice of the bankruptcy proceeding. Id. While notice is an important factor, notice alone is not determinative.

In this case, it is clear that the five factors listed above do not weigh in favor of equitable tolling. Woodson has not alleged that she was unaware of the filing requirements. Indeed, it is undisputed that Woodson had actual and constructive notice of the bankruptcy case. Woodson has made no allegations that Ausmus engaged in misrepresentations or other wrong-doing in connection with this bankruptcy case.

Woodson exercised no diligence in pursuing her rights. Other than filing this stay relief motion after the complaint deadline, Woodson took no action to protect her rights. There can be no question as to the harm to Ausmus. To Ausmus, this case has been over since the deadline passed on April 6, 2015, and he received his discharge on April 24, 2015. Ausmus is entitled to some finality once a discharge has been entered. Finally, as to the fifth factor, the movant's

reasonableness in remaining ignorant of the notice requirement, this factor also weighs against Woodson. To date, Woodson has offered nothing by way of explanation of how or why she ignored or missed deadline. No effort has been made to explain her own failure to miss the deadlines. Instead, Woodson blames Ausmus for the timing of the filing of the bankruptcy case, which in this Court's view, has no bearing on the issues to be decided. In short, even if Woodson had raised the equitable tolling argument, the Court would still not be inclined to grant the relief she requested.

The Court is not unsympathetic to Woodson's plight. The result here may seem harsh, but the procedures and deadlines established by the Bankruptcy Code and Rules are carefully crafted to create a delicate balance between the competing interests of creditors pursuing their claims and debtors in obtaining a fresh start and finality. Woodson received notice of this bankruptcy and the associated deadlines. Had she been diligent in pursuing her claims, the result here may very well have been different. "[T]he usual legal rule is that parties in interest in any case must know the law and foresee its consequences or suffer them." In re Brown, 178 B.R. 722, 726 (Bankr. E.D. Tenn. 1995).

For reasons unknown to the Court, Woodson took no action to preserve her rights in this bankruptcy case. Although she received timely notice of the deadlines, Woodson never filed any type of complaint, nor did she seek extensions of time to do so. In this case, Woodson's failure to timely act has cost her the opportunity to challenge the dischargeability of this debt under § 523. Consequently, the debt has been discharged, and liquidating a discharged debt would serve no purpose and is not cause for relief from the automatic stay. Woodson has not stated, and the Court has not found, any basis to grant the relief which she seeks. Accordingly, Woodson's Motion for

Limited Lifting of Stay will be **DENIED**. Ausmus' Motion to Strike Creditor's Motion for Stay Relief will also be **DENIED**. A separate order will be entered in accordance with this Memorandum.

/s/ Alan C. Stout

Alan C. Stout
United States Bankruptcy Judge

Dated: August 20, 2015

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CLIFFORD J. AUSMUS | ) | CASE NO. 14-34747 |
| | ) | CHAPTER 7 |
| Debtor | ) | |

ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED** that the Motion for Limited Lifting of Stay is hereby **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Debtor's Motion to Strike Creditor's Motion for Stay Relief is **DENIED**.

There being no just cause for delay, this is a final and appealable judgment.

Alan C. Stout
United States Bankruptcy Judge

Dated: August 20, 2015